UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANNA L. EDWARDS,

        Plaintiff,                       Civil Action No. 17-cv-11799

     v.                               District Judge David M. Lawson

COMMISSIONER OF                Magistrate Judge Mona K. Majzoub
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dianna L. Edwards seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 15) and Defendant's Motion for Summary Judgment (docket no. 16). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 4.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 15) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 16) be **GRANTED**, and that the case be dismissed in its entirety.

## II. PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB"), alleging that she has been disabled since March 21, 2013. (TR 149-53.) The Social Security Administration initially denied Plaintiff's claims on September 15, 2014. (TR 17.) On February 4, 2016, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge (ALJ) Stephen Marchioro. (TR 34-79.) On April 7, 2016, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 17-30.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on April 5, 2017. (TR 1-3.) On June 6, 2017, Plaintiff commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 15; docket no. 16.)

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of her medical issues. (Docket no. 15, pp. 4-12.) In addition, the ALJ summarized Plaintiff's medical record (TR 19-28), and Defendant relied on the ALJ's summary (docket no. 16, p. 4.) Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015 and did not engage in substantial gainful activity since March 21, 2013, the alleged onset date. (TR 19.) The ALJ found that Plaintiff had the following

2

severe impairments: cerebrovascular accident with late effects, hypertensive vascular disease, organic brain syndrome, bipolar disorder, and anxiety. (*Id*.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 20.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) but with the following limitations:

- She needs to be able to alternate between sitting and standing, where she could sit for 60 minutes and then stand for up to 30 minutes while remaining at her position at the work station;
- She can frequently push and/or pull with the left upper extremity;
- She can frequently operate foot controls with the lower left extremity;
- She can occasionally climb ladders, ropes, or scaffolds, and can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl;
- She can frequently handle, finger, and feel with the non-dominant left upper extremity;
- She must avoid all exposure to excessive vibration;
- She can occasionally be exposed to unguarded moving mechanical parts and unprotected heights;
- She is limited to work involving only simple routine tasks with only occasional changes in the work setting;
- She is limited to occasional interaction with the public and supervisors.

(*Id.* at 22-23.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that Plaintiff is not capable of performing past relevant work, but could perform occupations that exist in significant numbers in the national economy including "assembler," "inspector" and "packager." (TR 29.) Accordingly, the ALJ concluded that

3

Plaintiff was not under a disability, as defined in the Social Security Act, at any time between the alleged onset date and the date of the decision. (TR 30.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which

the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

5

**C.     Analysis**

Plaintiff contends that the evidence of record does not support the ALJ's RFC assessment. (Docket no. 15, pp. 13-16.) In particular, Plaintiff asserts that she cannot frequently push, pull, handle, finger or feel with her left hand. (*Id.*)

As set forth above, the ALJ determined that Plaintiff had the RFC to perform light work subject to several limitations, including that she can "frequently push and/or pull with the left upper extremity" and can "frequently handle, finger, and feel with the non-dominant left upper extremity." (TR 22.)

Plaintiff contends that the RFC should have provided that she was totally incapable of using her left hand to push, pull, handle, finger or feel. In support, Plaintiff relies on the records of Dr. A. Neil Johnson, who evaluated Plaintiff on August 19, 2014. (TR 346.) Dr. Johnson noted that Plaintiff suffered a stroke in 2013 and that, due to lingering numbness in the left side of her body, Plaintiff "cannot button or pick up a coin very well with the left hand." (TR 348.)

The ALJ gave great weight to Dr. Johnson's opinion, reasoning that it was "consistent with Dr. Johnson's physical examination [of Plaintiff] and the reports of ongoing diminution of sensation on [Plaintiff's] left side." (TR 27.) The ALJ "accommodated" Plaintiff's left-hand numbness by "limiting [Plaintiff] to only frequent, as opposed to constant, use of the left upper extremity to push/pull, frequent operation of foot controls with the left lower extremity, [and] frequent handling, fingering, and feeling with the left upper extremity." (*Id.*)

Accordingly, the question before the Court is whether substantial evidence supports the ALJ's translation of Dr. Johnson's opinion that Plaintiff "cannot button or pick up a coin very well with the left hand" as calling for a limitation to frequent use of the left-hand, as opposed to a total preclusion of such activity.

Review of Dr. Johnson's opinion, along with other evidence in the record, supports the ALJ's RFC analysis. In particular, Dr. Johnson observed that Plaintiff "struggle[d]" to button and pick up a coin with her left hand and that Plaintiff could not perform those tasks "very well." (TR 347-48.) Somewhat inconsistently, Dr. Johnson also noted that Plaintiff displayed "full use of the hands." (TR 347.) Lacking any more precise information regarding the nature of Plaintiff's limitation, the ALJ reasonably interpreted these statements as providing for only a partial limitation on the use of Plaintiff's left hand.

Plaintiff contends that "[e]ven if Dr. Johnson's opinion could be read to imply that plaintiff was limited simply as to how often she could do the tasks in question, his opinion offered no specifics as to the frequency in question." (Docket no. 15, p. 15.) But this argument reinforces the ALJ's reasoning. Dr. Johnson's opinion is ambiguous precisely because he "offered no specifics as to the frequency in question." The ALJ reasonably resolved this ambiguity by looking to Plaintiff's daily activities (which included driving, performing household chores, preparing meals, and caring for her two grandchildren), as well as Plaintiff's other medical records (which included "[m]ultiple physical examinations conducted in 2015 [which] found good strength, good coordination, and grossly intact cranial nerves with no focal, motor or sensory deficits"). (TR 24, 26.)

As set forth above, substantial evidence supports the ALJ's determination that Plaintiff is limited to frequent use of her left hand.

## VI.   CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 15) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 16) be **GRANTED**, and that the case be dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: April 18, 2018          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  April 18, 2018          s/ Leanne Hosking
                                Case Manager

8