UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANNA L. EDWARDS,

                Plaintiff,                             Case Number 17-11799
                                                     Honorable David M. Lawson
v.                                           Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action on June 6, 2017 seeking review of the Commissioner's decision denying her claims for disability benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Mona K. Majzoub under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Majzoub filed a report on April 18, 2018 recommending that the plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the matter be dismissed with prejudice. The plaintiff filed a timely objection, and the defendant filed a response. The matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objection and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 50 years old, filed her application for disability insurance benefits on March 18, 2014, when she was 45. She had worked as a transit bus driver, among other jobs, but she suffered a stroke on March 21, 2013, which left her with left-side weakness in her upper and lower extremities. The plaintiff has a high school diploma and an associate's degree from Dorsey Business School. In the application that is the subject of the present appeal, the plaintiff alleged a

disability onset date of March 21, 2013. The plaintiff alleged disability due to the residual effects of the stroke, left side processing disorder, blurred vision in left eye, hearing problems on left side, speech problems, high blood pressure, high cholesterol, bipolar disorder, and hidradenitis suppurativa.

The plaintiff's application for disability benefits was denied initially on September 15, 2014. She timely filed a request for an administrative hearing, and on February 4, 2016, the plaintiff appeared with counsel before Administrative Law Judge (ALJ) Stephen Marchioro. On April 12, 2016, ALJ Marchioro issued a written decision in which he found that the plaintiff was not disabled. On April 5, 2017, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff then filed her complaint seeking judicial review.

ALJ Marchioro reached his conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §404.1520(a). He found that the plaintiff had not engaged in substantial gainful activity since March 21, 2013 through December 31, 2015, the date she last met the insured status requirements of the Social Security Act (step one); the plaintiff suffered from cerebrovascular accident with late effects, hypertensive vascular disease, organic brain syndrome, bipolar disorder, and anxiety, impairments which were "severe" within the meaning of the Social Security Act (step two); and none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that the plaintiff retained the residual functional capacity (RFC) to perform light work, but that she had certain limitations. He found that the plaintiff: (1) needs to be able to alternate between sitting and standing, where she could sit for 60 minutes and then stand for up to 30 minutes while remaining at her position at the work station;

(2) can frequently push and/or pull with the left upper extremity; (3) can frequently operate foot controls with the lower left extremity; (4) can occasionally climb ladders, ropes, or scaffolds, and can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; (5) can frequently handle, finger, and feel with the non-dominant left upper extremity; (6) must avoid all exposure to excessive vibration; (7) can occasionally be exposed to unguarded moving mechanical parts and unprotected heights; (8) is limited to work involving only simple routine tasks with only occasional changes in the work setting; and (9) is limited to occasional interaction with the public and supervisors.

At step four, he found that the plaintiff could not perform the duties required for her past relevant work as a shuttle bus driver, dispatcher, school bus driver, and data entry. According to the Dictionary of Occupational Titles (DOT), these jobs ranged from semi-skilled to skilled, and the plaintiff performed them at various exertional levels.

In applying the fifth step, the ALJ considered the testimony of a vocational expert, who stated that even with these limitations, the plaintiff could perform jobs such as assembler, with 94,000 jobs existing nationally; inspector, with 36,000 jobs existing nationally; and packager, with 61,000 jobs existing nationally. Based on those findings and using Medical Vocational Rule 202.21 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

In her motion for summary judgment, the plaintiff focused on a narrow criticism of one aspect of the ALJ's RFC determination: she contended that the finding that she could "frequently" handle, finger, and feel with the non-dominant left upper extremity was not supported by substantial evidence. That restriction was based on the ALJ's consideration of medical evidence furnished by

consultative physician A. Neil Johnson, M.D., whose opinion the ALJ accorded "great weight." Dr. Johnson said that the plaintiff had "[f]ull use of the hands," Tr. 347, but also observed that she could not "button or pick up a coin very well with the left hand," Tr. 348. The plaintiff maintained that there was such incongruity with the dexterity problems described by Dr. Johnson, and the ALJ's limitation of "frequent" use of the left hand and arm, that substantial evidence was lacking, and a further explanation on remand was required.

The magistrate judge disagreed. She perceived an ambiguity in Dr. Johnson's report concerning the plaintiff's functional ability to use her left hand, and she found that the ALJ resolved that reasonably based on the record evidence.

The plaintiff interposed a single objection to the report and recommendation. She believes that the magistrate judge mischaracterized the plaintiff's summary judgment argument. She asserts that the magistrate judge did not address directly the plaintiff's contention that the limitations imposed by the ALJ failed to adequately accommodate the plaintiff's diminution of sensation on her left side. The plaintiff argues that the magistrate judge instead focused on a perceived ambiguity in Dr. Johnson's report — whether the plaintiff retained full use of her hands — and determined that the ALJ properly accounted for the ambiguity in assessing the plaintiff's limitations. The plaintiff asserts that the ALJ did not allude to any ambiguity in Dr. Johnson's opinion, and in according Dr. Johnson's opinion great weight, the ALJ noted that the plaintiff's inability to perform certain tasks could be accommodated by limiting the plaintiff to frequent performance. The plaintiff argues that her position at summary judgment centered on her belief that the limitation to frequent performance did not sufficiently incorporate Dr. Johnson's findings, and that the magistrate judge erred in addressing a wholly different issue.

The basic question at play here is whether the ALJ's RFC determination is supported by substantial evidence, since the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983).

The plaintiff notes — correctly — that the ability to perform a task "frequently" means the capacity to do it "one-third to two-thirds of the time." Social Security Ruling (SSR) 83-10. She says that "[a]n inability to do something" is not accommodated by a restriction to doing it only "frequently." But in asserting that position, she overstates the limitation as Dr. Johnson described it.

Dr. Johnson summarized the history he took from the plaintiff as follows:

The patient has had hypertension since 2010. She was admitted to Bay Regional Medical Center March 21, 2013, with a right parietal infarct. It was felt secondary to small vessel disease. Her neurologist was Dr. William Lawrence. She states that there is not weakness of the left side but the entire left side including the face is numb. She has to be careful with her balance if she was to turn to the left. She has fallen when turning to the left and fell two days ago. She does not use an assistive device. At the time of the stroke they could not give her TPA. She could do stairs with a railing. She is not quite as sure coming down. She cannot do a ladder, run or squat. She claims that she drops things from the left hand all of the time. She states that she can drool from the left side of her mouth. She can put her left arm overhead fine. She pretty much walks normally but she just hasn't done any long walking to quantitate exactly how far she can go. She estimates she can lift 25 pounds in the left hand and 50 to 75 pounds on the right. She is right handed. She can stand satisfactorily long enough to do dishes. She can sit satisfactorily. She does grocery shop. She is married and lives in a home. She last worked November of 2010 as a school bus driver. She holds onto the cart when grocery shopping. She drove to this appointment and her mother came with her. It is hard to button or pick up a coin in the left hand. She also states since the stroke that she has difficulty with hearing in the left ear. Hearing in the right ear is fine. There was no trouble in the examination

room today with conversational speech. She does talk on the phone with the right ear.

Tr. 346. He then provided his opinion on the limitations caused by the stroke's residual effects:

> The patient was felt to have a parietal infarct secondary to small vessel disease March 21, 2013. She has numbness of her left side. The numbness [is] the major interfering factor. She cannot button or pick up a coin very well with left hand. The strength of the left side appears satisfactory. There [is] trouble with rapid wrist and minimal difficulty with heel to shin. She walked normally. She cannot turn to the left very quickly. She has fallen when she forgets about turning to the left. She reports poor hearing in the left ear but overall hearing seemed fine. She doesn't talk on the phone with the left ear however she uses her right.

Tr. 348.

As is evident from his report, Dr. Johnson never suggested that the plaintiff had "an inability" to manipulate her left hand, or even that she had "great difficulty" doing so. And as the magistrate judge pointed out, there is other evidence in the record that speaks to this restriction, including the plaintiff's ability to drive, perform household tasks, and prepare meals, and, as Dr. Johnson noted, she has "[f]ull use of the hands." Tr. 347.

Residual functional capacity is an assessment of the claimant's remaining capacity for work, once his limitations have been considered. 20 C.F.R. § 416.945(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations."). It is meant "to describe the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from — though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). The ALJ accounted for the plaintiff's post-stroke limitations when he determined her RFC. And that determination is supported by substantial evidence.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the plaintiff's objection to the report and finds it to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #17] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objection [dkt. #18] is **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #15] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #16] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

                s/David M. Lawson
                DAVID M. LAWSON
                United States District Judge

Dated:   July 11, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2018.

        s/Susan Pinkowski
        SUSAN PINKOWSKI